NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000411
27-JUN-2018
08:02 AM

NO. CAAP-16-0000411

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ETHEL YUKO MATSUNO, Plaintiff-Appellant/Cross-Appellee, v.
REX YOSHIO MATSUNO, Defendant-Appellee/Cross-Appellee,
and
SUISAN GROUP, INC.; SUISAN COMPANY, LIMITED; SUISAN
PROPERTIES, LIMITED; AND MATSUNO ENTERPRISES, LTD.,
Applicants-in-Intervention-Appellees/Cross-Appellants

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 14-1-0182)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Fujise and Reifurth, JJ.)

This case arises out of a complaint for divorce, filed
by Plaintiff-Appellant/Cross-Appellee Ethel Yuko Matsuno ("EM")
against Defendant-Appellee/Cross-Appellee Rex Yoshio Matsuno
("RM").  The case is rife with procedural complexities involving
EM's alleged motives in pursuing the divorce, RM's capacity,
bifurcation of the divorce proceedings, the existence and
validity of a premarital agreement between RM and EM, and the
purported interests in the divorce action held by various related
family businesses.

EM appeals from the Order Dismissing Action entered by
the Family Court of the Third Circuit ("Family Court")[1] on
May 3, 2016.  Applicants-in-Intervention-Appellees/Cross
-Appellants Suisan Group, Inc., Suisan Company, Limited, Suisan
Properties, Limited, and Matsuno Enterprises, Ltd., all Hawaiʻi

_____

[1]    The Honorable Lloyd Van De Car presided.

corporations (collectively, the "Suisan Entities"), cross-appeal from the Order Denying Suisan Entities' Motion to Intervene, entered by the Family Court on March 21, 2016 ("Order Denying Motion to Intervene").[2]

On appeal, EM contends that the Family Court erred in dismissing the case on the basis of the parties' failure to set the case for trial within nine months, denying her first and second motions to bifurcate, and denying her motion for summary judgment as to the enforceability of the parties' premarital agreement. The Suisan Entities, on the other hand, contend that the Family Court erred in denying their motion to intervene.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, and taking into account the suggestion of RM's death, we affirm both the Order Dismissing Action and the Order Denying Motion to Intervene.

On June 26, 2014, EM filed a Complaint for Divorce in the Family Court ("Complaint"), alleging that her marriage to RM was "irretrievably broken." RM subsequently filed an amended answer to the Complaint on April 18, 2016, denying that the marriage was irretrievably broken.

On February 12, 2016, nearly two years after the Complaint was filed and after numerous motions were filed, including two motions to bifurcate, a motion for summary judgment, and a motion to intervene, the Family Court filed a Notice of Intent to Dismiss the action because "[n]either party has filed a Motion to Set nor sought an extension from the Court of the Hawaiʻi Family Court Rule 94[3] filing deadline for that motion."

---

[2]    We deem the Suisan Entities' cross-appeal from the May 3, 2016 Order Dismissing Action to seek review of the March 21, 2016 Order Denying Motion to Intervene.

[3]    Hawaiʻi Family Court Rules ("HFCR") Rule 94 provides that "either party may at any time file a motion to set the case for trial. Such a motion *shall be filed no later than 9 months after a complaint has been filed* or within any further period of extension granted by the court upon motion or stipulation of the parties." Haw. Fam. Ct. R. 94 (emphasis added).

On May 3, 2016, the Family Court entered the Order Dismissing Action. On May 18, 2016, EM timely filed the Notice of appeal. On May 27, 2016, the Suisan Entities filed a timely Notice of Cross-Appeal. On February 28, 2018, RM's counsel filed a declaration regarding the death of RM, advising that RM passed away on November 30, 2017, and a Notice of Suggestion of Death.

The underlying divorce action has been extinguished[4] by the death of RM and thus, we affirm the Order Dismissing Action. We have adopted the common law rule that an action for divorce is a purely personal matter which extinguishes upon the death of either party. *See Camp*, 109 Hawaii at 469, 128 P.3d at 351 (holding that party's death prior to entry of formal divorce decree extinguished divorce action and family court's jurisdiction to enter divorce decree). Similarly, "[t]he general rule applied in cases involving [death during an appeal from a judgment or decree of divorce] is that the action abates with respect to the issue of the marital status of the parties but not with respect to the determination of property interests which may be affected by the divorce." Francis M. Dougherty, Annotation, Effect of Death of Party to Divorce Proceeding Pending Appeal or Time Allowed for Appeal, 33 A.L.R.4th 47 § 2[a] (1984).

Here, EM appeals from the Order Dismissing Action, a ruling by the Family Court that does not involve the determination of property rights.[5] Accordingly, we affirm the

---

[4] "We use the word extinguished rather than the word abated because extinguished is the word used in [HFCR] Rule 25 (2005) which pertains to the subject of the substitution of parties." *Camp v. Camp*, 109 Hawaiʻi 469, 469 n.2, 128 P.3d 351, 351 n.2 (App. 2006) (internal quotation marks omitted).

[5] The general rule that a divorce action is extinguished when a party to the action dies in the pendency of an appeal of a judgment or decree that does not determine property rights has been repeatedly recognized and upheld. *See, e.g., Bell v. Bell*, 181 U.S. 175, 178 (1901) (holding that death of party in pendency of appeal of divorce decree abates the divorce action where "nothing more had been involved in the judgment" other than termination of marriage); *Owen v. Owen*, 184 S.W.2d 808, 809 (Ark. 1945) (recognizing "[w]here the party seeking a divorce appeals from a judgment, simply denying it, and pending the appeal either party dies, the appeal and action abate absolutely and cannot be revived, there being no one living who can legally have any interest in the same." (quoting *Bradshaw v. Sullivan*, 254 S.W. 1064, 1065 (1923) (internal quotation marks omitted)); *Angelli v. Sherway*, 560 A.2d 1028, 1030 (Del. 1989) (concluding that "the death of an appellant who seeks review of a denial of a divorce serves to abate any proceeding requiring a remand . . . since there is no longer any underlying marital relationship to be terminated"); *Barnes v. Barnes*, 15 P.3d 816, 819-20 (Idaho 2000)

(continued...)

3

Order Dismissing Action, entered by the Family Court on May 3, 2016.  We need not address the parties' remaining points of error, as the extinguishment of the divorce action renders them moot.  Thus, we similarly affirm the Order Denying the Motion to Intervene entered by the Family Court on March 21, 2016.

DATED:  Honolulu, Hawaiʻi, June 27, 2018.


On the briefs:

Rebecca A. Copeland
(Law Office of Rebecca A.
Copeland, LLC)
for Plaintiff-Appellant/
Cross-Appellee.

Paul K. Hamano
for Defendant-Appellee/
Cross-Appellee.

Alan Van Etten, Dennis W.
King and John Winnicki
(Deeley King Pang & Van Etten)
for Applicants-in-Intervention-
Appellees/Cross-Appellants

Chief Judge

Associate Judge

Associate Judge

---

⁵/(...continued)
(recognizing "clear precedent in Idaho that where a party to a divorce dies during the pendency of the appeal, the appeal abates" absent an express issue of property rights); *Bunger v. Bunger*, 160 P. 976, 976 (Kan. 1916) (holding that death of a party subsequent to appeal from a judgment denying a divorce abated divorce action); *Arceneaux v. Arceneaux*, 94 So.2d 449, 450 (La. 1957) (holding that action for divorce abated on death of party during pendency of appeal); *First Nat'l Bank of Nev. v. Wolff*, 202 P.2d 878, 880 (Nev. 1949) (holding that since divorce decree appealed from did not prejudice any parties' rights to property, divorce action was abated by party's death).